[Civ. No. 11502. Second Appellate District, Division One.—August 12, 1938.]

O. W. RAYNUM, Appellant, v. B. G. WALLACE, Respondent.

W. Ward Johnson for Appellant.

Doyle, Clark & Thomas and S. O. Wallace for Respondent.

DORAN, J.—This is an appeal by plaintiff from a judgment in an action based upon a judgment obtained in a foreign state.

The defendant and respondent herein, B. G. Wallace, was the defendant, and made an appearance as such, in an action brought in the District Court of the United States for the District of North Dakota, southwestern division, in which action judgment was for plaintiff and against defendant Wallace and two others named therein as codefendants.

The judgment was partially satisfied. Later, to wit, on November 2, 1931, plaintiff in said action filed a supplementary and ancillary bill in said court against the same defendants, to enforce the former order and decree, and prayed for judgment against defendants accordingly. One C. B. Craven, an attorney at law, filed an answer for all of the defendants including Wallace, and thereafter represented all of them during and throughout the progress of the proceedings. The plaintiff prevailed and judgment was entered July 29, 1935. Said judgment was thereafter assigned to O. W. Raynum, a resident of California, who filed the within action on May 13, 1936.

The answer of defendant B. G. Wallace in the within California action alleges that the district court in North Dakota was without jurisdiction to enter the judgment against said B. G. Wallace for the reason that no service of summons had been effected, and that the appearance in said action of C. B. Craven, attorney at law, for and on behalf of B. G. Wallace, was without authorization.

The trial court found, in substance, that defendant Wallace had never been personally served with summons or any other process arising out of or in connection with the action in North Dakota upon which the action filed in California was based, also, that said Wallace "never authorized any attorney-at-law, or any other person to enter his appearance, accept service or answer for him in the aforesaid proceeding, nor did said defendant ever authorize any other person to employ an attorney to enter his appearance, accept service or answer for him in the aforesaid proceeding", and, furthermore, that

said district court had no jurisdiction of the person of defendant Wallace and was without jurisdiction to enter the purported personal judgment against him.

Plaintiff and appellant contends "that the trial court was in error and that the judgment in favor of the defendant should be reversed, and judgment entered in favor of the plaintiff". It is argued in support of such contention that an attorney is presumed in the absence of evidence to the contrary to have authority to appear for any person for whom he . professes to act; that the burden of proof rests on the party denying the authority of the attorney to act, and that if the question is raised after judgment rendered then the fact must be established by "cogent and strong evidence".

Manifestly the defense in the present action was an indirect attack on the former judgment, and primarily presented a question of fact for determination by the trial court. In substance, the defense was predicated upon an alleged lack of jurisdiction of the court which rendered the former judgment upon which the suit herein is based. In connection with such defense there appeared as witnesses, either in person or by deposition, not only the defendant Wallace, but one of his co-defendants in the former suit, as well as the attorney, Mr. C. B. Craven. Letters and telegrams of defendant Wallace were also in evidence. It is obvious from a review of the proceedings that the evidence is conflicting, but in no sense can it be said that there is that lack of evidence to support the judgment which would warrant a reversal thereof.

There being no errors in the record, the judgment appealed from is affirmed.

York, P. J., and White, J., concurred.