11 N.J. Super. 32 (1950)
77 A.2d 499
JOSEPHINE MAGLO, PLAINTIFF-RESPONDENT,
v.
HOWARD S. WEAVER, DEFENDANT, AND THOMAS B. AKIN, JR., TRADING AS COLONIAL CHEMICAL COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1950.
Decided December 20, 1950.
*33 Before Judges FREUND, PROCTOR and ROGERS.
*34 Mr. Paul T. Huckin argued the cause for the appellant (Messrs. Huckin & Huckin, attorneys).
Mr. Robert Kronman argued the cause for the respondent.
The opinion of the court was delivered by ROGERS, J.A.D.
Trial of this action, founded upon contract, resulted in a judgment being entered in the Superior Court, Law Division, against defendants, Howard S. Weaver and Thomas B. Akin, trading as Colonial Chemical Company. Shortly thereafter appellant Akin moved for relief from the judgment upon the ground that the court lacked personal jurisdiction over him for the reasons that (1) due service of process was not made upon him within this State and (2) the attorneys who appeared and pleaded for him in the suit, acted without his authority. The appeal is from the denial of that motion.
Process was served upon defendant Weaver, who appeared and participated in the trial; and who also authorized his attorneys to appear for the partnership. The sheriff's return certifies service of the summons and complaint upon defendant-appellant by leaving a copy with a member of his household at his usual place of abode "182 East Linden Avenue, Englewood, N.J."
Valid substituted or constructive service of process under R.S. 2:27-59 may be made only by strict and full compliance with the statutory directions. McArdle Real Estate Co. v. McGowan, 109 N.J.L. 595 (Sup. Ct. 1932); Ruble v. Caffrey, 113 N.J.L. 240 (Sup. Ct. 1934); Kurilla v. Roth, 132 N.J.L. 213 (Sup. Ct. 1944).
The evidence clearly shows that appellant never resided at the Englewood address, where service of process was certified to have been made on April 21, 1948, until the following May 8th or 9th. Accordingly, appellant's usual place of abode within the purview of the statute was not 182 East Linden Avenue in Englewood, when substituted service of process was made, because he had not yet taken up actual residence or living there. Kurilla v. Roth, supra.
*35 Respondent urges that the proof does not clearly countervail the testimony of the special deputy sheriff who certified to the service. The officer states he was informed on April 21, 1948, upon inquiry at the Linden Avenue address, that appellant resided there and that the person he served was a member of the household. Assuming that the deputy sheriff was so informed and that the service was then justifiably made, nevertheless the validity of the service depended upon appellant then actually residing at the address. It would serve no substantial purpose to detail the evidence upon this issue because it unequivocally shows the address was not appellant's usual place of abode when service was made. Service of process upon appellant was invalid.
A further question presented is whether the appearance entered in the action for appellant by counsel retained by defendant Weaver, afforded personal jurisdiction over appellant. The evidence implies that the defendants were partners trading as Colonial Chemical Company. Appellant claims he was a special partner and that the relationship was dissolved in October, 1946.
The general rule is that though a partner has implied authority to defend an action against the partnership such does not extend to entering an appearance for a co-partner not served with process so as to render him liable to judgment personally. Phelps v. Brewer, 9 Cush. 390 (Mass. 1852); 47 C.J. 975; 40 Am. Jur. 434. This rule was followed in this State where a partnership was in dissolution. Davis v. Megroz, 55 N.J.L. 427 (Sup. Ct. 1893). We perceive the law in the Davis case, supra, applies with equal force to the instant suit regardless of the status of the partnership. A partner's implied authority for binding a co-partner in this respect does not exist because fundamentally it involves the question of due process. The fact that the partnership may be in active operation or may be in the course of dissolution can have no bearing upon whether a partner has such implied power to bind a co-partner.
*36 Counsel of record for defendants in this action states that he was engaged to defend the action solely by defendant Weaver, and that he was instructed by him to file an answer for and to represent Colonial Chemical Company. The attorney states he had never met appellant nor received any communication from him. Appellant denies that he ever authorized counsel to appear in the action for him in anywise. There is no controverting evidence. Nevertheless, respondent urges that appellant ratified and accepted his co-defendant's employment of counsel. This contention is based upon appellant's averments that he first learned of the suit on January 31, 1950, when he noticed a paper entitled in the cause in defendant Weaver's office, at which time Weaver said he was taking care of the matter; and that next Weaver told him on March 22, 1950, that he had lost a case but that even then appellant didn't know what case was referred to nor that judgment in the case went against him also. Respondent also argues that these facts estop appellant from attacking the force of the judgment against him.
We think it clear that the facts show appellant did not ratify employment of counsel in his behalf in this suit and we think that under the circumstances within appellant's knowledge he was not required to take any step in regard to the suit. As to appellant the proceeding was a nullity. He could not be estopped in respect of a matter with which he was in nowise connected.
The order denying appellant's motion for relief from the judgment in this cause is reversed, and the matter is remanded with direction to set aside service upon appellant, to expunge counsel's appearance for appellant together with the answer and counterclaim filed in his behalf, and to vacate the judgment as to appellant.