[Civ. No. 28129. First Dist., Div. Two. Nov. 26, 1971.]

PROMOTUS ENTERPRISES, INC., Plaintiff and Appellant, v. XAVIER F. JIMINEZ et al., Defendants and Respondents.

**COUNSEL**

Peter W. Drizin for Plaintiff and Appellant.

Tuckman & Phillips and David C. Phillips for Defendants and Respondents.

## OPINION

**TAYLOR, P. J.**—This appeal by Promotus Enterprises, Inc. (hereafter Promotus) from a judgment sustaining the affirmative defense of lack of jurisdiction in personam of defendants, Xavier and Edith Jiminez (hereafter collectively Jiminez) in Promotus' Marin County action to set aside certain alleged fraudulent conveyances in order to execute on a prior judgment obtained by Promotus in Los Angeles against Pacific Scopitone, a partnership, presents a question of first impression. Promotus asserts that: 1) as a matter of law, in order to be bound as an individual, Jiminez did not have to be personally served in the Los Angeles action or have knowledge of it; 2) the trial court erred in determining as a question of fact whether the attorney who made the general appearance for the partnership in the Los Angeles action was authorized to also appear on behalf of Jiminez individually; and 3) the findings are not supported by the evidence.

The basic facts are not in dispute. Commencing in 1964, Jiminez entered into a limited informal partnership with John P. Parsons, Jacob W. Ehrlich and others, for the purpose of promoting and leasing the Scopitone machine, a juke-box type of entertainment device. The partnership did business in the northern part of the state under the name of Pacific Scopitone Ltd., and in the southern part of the state as Scopitone of Southern California, Inc. From December 1964 until August 1965, Ambrose R. Epperson (aka Ray Epperson) was an employee and manager of Scopitone of Southern California, Inc. Defendant Jiminez was a sales representative and had an interest in any profits earned by Pacific Scopitone from its formation until July 1, 1965, when his employment and participation in the business terminated.

In March 1965, Promotus commenced an action against Pacific Scopitone, a limited partnership, naming as general partners Parsons and Jiminez, as well as Parsons and Jiminez as individuals. Attorney William A. Tookey of Pasadena, California, filed pleadings in the Los Angeles action and purported to represent all of the defendants, including Pacific Scopitone Ltd. and Jiminez individually. Jiminez was not served with process in the Los Angeles action nor did he verify any pleadings, appear as a witness or give testimony at any time. Jiminez had no communications, oral or written, at any time with Tookey and did not authorize Tookey to enter an appearance on his behalf. Jiminez had no knowledge of the Los Angeles action, wherein judgment against Scopitone for $51,900 was rendered in February 1967, until he was served with process in the Marin action.

The trial court found that there was no evidence that Tookey had actual

or implied authority to enter an appearance for Jiminez individually or that Epperson had any authority, either actual or implied, to retain Tookey to represent Jiminez individually. The trial court concluded that the purported general appearance on behalf of Jiminez individually in the Los Angeles action was not authorized, either expressly or impliedly, and that the Los Angeles judgment was, therefore, unenforceable to the extent that it attempted to bind Jiminez's individual property.

Promotus' argument is predicated on the pertinent provisions of the Corporations Code, set forth below,[1] and the general rule that personal

[1]Section 15009: "(1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

"(2) An act of a partner which is not apparently for carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners.

"(3) Unless authorized by the other partners or unless they have abandoned the business, one or more but less than all the partners have no authority to:

"(a) Assign the partnership property in trust for creditors or on the assignee's promise to pay the debts of the partnership.

"(b) Dispose of the good will of the business.

"(c) Do any other act which would make it impossible to carry on the ordinary business of a partnership.

"(d) Confess a judgment.

"(e) Submit a partnership claim or liability to arbitration or reference.

"(4) No act of a partner in contravention of a restriction on authority shall bind the partnership to persons having knowledge of the restriction."

Section 15011: "An admission or representation made by any partner concerning partnership affairs within the scope of his authority as conferred by this act is evidence against the partnership."

Section 15012: "Notice to any partner of any matter relating to partnership affairs, and the knowledge of the partner acting in the particular matter, acquired while a partner or then present to his mind, and the knowledge of any other partner who reasonably could and should have communicated it to the acting partner, operate as notice to or knowledge of the partnership, except in the case of a fraud on the partnership committed by or with the consent of that partner."

Section 15013: "Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act."

Section 15014: "The partnership is bound to make good the loss:

"(a) Where one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it; and

"(b) Where the partnership in the course of its business receives money or property of a third person and the money or property so received is misapplied by any partner while it is in the custody of the partnership."

service may be waived by a voluntary general appearance (*Lacey* v. *Bertone*, 33 Cal.2d 649 [203 P.2d 755]). Promotus further argues that the question here presented is settled as a matter of law by these statutes as Corporations Code section 15015 provides that all partners are: 1) jointly and severally liable for everything chargeable to the partnership under Corporations Code sections 15013 and 15014; and 2) jointly liable for all other debts and obligations of the partnership "but any partner may enter into a separate obligation to perform a partnership contract." None of the authorities cited by Promotus support its contention.

Although our research has disclosed no California case in point, we find persuasive the approach and reasoning of *Martinoff* v. *Triboro Roofing Co.* (Sup.) 228 N.Y.S.2d 139, and *Maglo* v. *Weaver,* 11 N.J. Super. 32 [77 A.2d 499]. In *Martinoff,* the partnership was sued on an alleged tort liability and, as in the instant case, only one partner was served. The plaintiff asserted that the answer entered on behalf of the partnership was a general appearance for each and every one of the partners individually. In construing the portion of the New York partnership law concerning the joint and several liability of partners for torts committed in the course of partnership business, the New York Supreme Court said at pages 141 and 142: "By virtue of the joint nature of the liability, and irrespective of whether the action is brought against the partnership in its own name or in the names of the individual members as copartners, statutory authority permits a plaintiff who is entitled to recover to enter judgment against all of the partners even though only one, or less than all, of them has been served, but execution on such judgment is limited to the partnership property and the real and personal property of the partners summoned, and the judgment would be conclusive evidence of the liability of each partner upon whom the summons was served (See Civ.Prac.Act, §§ 222-a, 1197, 1198 and 1199; 19 Carmody-Wait, § 5, pp. 494-495; Eleventh Annual Report of the New York State Judicial Council, 1945, Recommendations etc. in Actions Against Partners and Joint Debtors, pp. 226, 231-237). Such judgment is not enforceable against the person or sole property of a partner who was not summoned, and a partner can be individually bound by the judgment, over and above his interest in the partnership property, only if he was served in the action or authorized an appearance therein on his behalf. [Citations.] Section 222-a in no way enlarges the limited effect of such judgment as to partners who have not been served, nor does it dispense with the necessity for service upon a partner in order to establish his personal unlimited liability [citations].

"While a voluntary general appearance by a partner would be equivalent to the service of a summons upon him (Civ.Prac.Act, § 237), in order

for such appearance to be effectual, in the absence of service of process, it must be with knowledge that there is an action pending and with the intention to appear therein [citation]."

In *Martinoff,* as here, only one partner was served and there was no showing whatsoever that any other partner intended to appear or that the general appearance entered for the partnership was authorized or ratified by any other partner. The court relied on the general rule that one partner has no implied authority to enter an appearance for a copartner. While he may, by appearance, bind the firm as well as himself, both as a copartner and individually, he cannot bind the other partners individually, citing 68 Corpus Juris Secondum, Partnership section 213, subdivision b, page 690.

In *Maglo,* the New Jersey case, a judgment was entered against a partnership. Shortly thereafter, one of the partners moved for relief from the judgment on the ground that the court lacked personal jurisdiction over him as due service of process had not been made upon him and the attorneys who appeared and pleaded for him had acted without his authority. The sheriff's return certified service of the summons on the complaining partner by leaving a copy with a member of his household at his usual place of abode. However, as the complaining partner had never resided at the address where service of process was certified to be made, the court concluded that there had not been sufficient strict and full compliance with the statutory directions under the applicable law to effect a valid substituted or constructive service of process. As to the question whether the appearance entered in the action for the complaining partner by the counsel retained and authorized only by the other partner, the court, relying on the general rule, held at page 501, that a partner's implied authority to defend an action against the partnership does not extend to entering an appearance for a copartner not served with process so far as to render him liable to judgment personally. The court also noted that a partner's implied authority for binding a copartner in this respect does not exist because fundamentally, it involves the question of due process. The due process clause of the Fourteenth Amendment of the U.S. Constitution requires that a party have notice of a proceeding so that he can defend and have his day in court (*Detrio* v. *United States* (5th Cir. 1959) 264 F.2d 658, 661).

In the instant case, it is undisputed that Jiminez was not served with process in the Los Angeles action and the court found that Jiminez never had any knowledge of the action nor had he received any oral or written communication concerning the matter from attorney Tookey. The matter was presented to the trial court on the affidavits of the parties and

their answers to interrogatories, and cross-interrogatories. Tookey's answers to the interrogatories stated that he had been retained by Parsons and Epperson (erroneously referred to by Tookey as Epperley) to represent the partnership as well as the individual partners, and had so represented his authority to the Los Angeles court.

Thus, there is no merit to Promotus' assertion that the question is one of law. We have been aided by the excellent reasoning on this question by the trial court on its denial of Promotus' motion for a summary judgment. The trial court noted that: 1) a general partner does not normally have the authority to hire counsel to represent individual partners except so far as they may hold partnership assets; and 2) since the nature of the authority of a general partner and its extent is not uniform and not entirely governed by statute but depends on the individual agreement, and in many cases, may be implied from miscellaneous writings and conversations, the question of general manager Epperson's authority to hire counsel to represent the individual partners was even more ambiguous. As here, the partnership was an informal and oral one, the trial court properly concluded that the question was one of fact to be determined from all of the evidence (cf. *J & J Builders Supply* v. *Caffin,* 248 Cal.App.2d 292, at p. 297 [56 Cal.Rptr. 365]).

■ Promotus also asserts that the trial court's findings are not supported by the evidence. While there was evidence that at the inception of the partnership Jiminez knew that a $50,000 obligation to Promotus had been assumed, there was no evidence, except in the affidavit of Tookey's attorney, to indicate that Jiminez had oral notice of the Los Angeles action.[2] The testimony of Jiminez and his affidavit were to the contrary, and that he did not authorize an appearance on his behalf. The resolution of conflicts in the evidence is within the sound discretion of the trial court. There is substantial evidence in the record to support the findings and judgment.

We are supported in our conclusion by a recent partnership decision of our Supreme Court, *Fazzi* v. *Peters,* 68 Cal.2d 590, [68 Cal.Rptr. 170, 440 P.2d 242], wherein a copartnership was sued and service was made on all of the partners individually. As the action named only the copartnership as a defendant and did not name as defendants either of the partners individually, the court held that a judgment in personam could not be entered against one not a party to the action and voided the judgment against the individual partners. Similarly here, the Los Angeles judgment is void only

---

[2]Tookey's attorney, Drizin, stated in his affidavit that prior to the filing of the Los Angeles action, he discussed the Promotus claim with Jiminez over the telephone.

against Jiminez as an individual, but valid to the extent of his interest in the partnership and his possession of partnership assets.

The judgment is affirmed.

Kane, J., and David, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.