[No. B100151. Second Dist., Div. Three. Apr. 30, 1997.]

LIQUIDATOR OF INTEGRITY INSURANCE COMPANY, Plaintiff and Respondent, v.
MICHAEL B. HENDRIX, Defendant and Appellant.

972

**COUNSEL**

Michael B. Hendrix, in pro. per., for Defendant and Appellant.

Stettin & Cass, Jacob J. Stettin and Paul D. Cass for Plaintiff and Respondent.

## Opinion

## ALDRICH, J.—

### Introduction

In this case we are called upon to decide whether a party may vacate the entry of a sister state judgment in California pursuant to Code of Civil Procedure section 473.[1] Appellant Michael B. Hendrix appeals from an order denying his motion made pursuant to section 1710.40 to vacate the entry of a sister state judgment. Hendrix argues that the grounds in section 473, mistake, excusable neglect and inadvertence, are applicable in a motion made pursuant to section 1710.40, and that his alleged excusable neglect of being ill and in the hospital during the New Jersey trial preventing his attendance, are legal grounds to vacate entry of the judgment in this state.

We disagree. We conclude that section 473 is a procedural remedy, not a defense, and therefore may not be utilized in this manner. The appropriate method of attacking a sister state judgment is under California's Sister State Money Judgments Act, section 1710.10 et seq. (the Act), and appellant has failed to establish a defense under such Act. For the reasons we shall now discuss, we hold the trial court was correct in denying Hendrix's motion to vacate and accordingly affirm.

### Factual and Procedural Background

A complaint was filed in the Superior Court of New Jersey, Bergen County, against appellant Michael B. Hendrix, and others, by respondent Liquidator of Integrity Insurance Co. (Liquidator). Hendrix, who resides in California, answered the complaint pursuant to a civil summons issued by the New Jersey court, filed a motion to dismiss, which was denied, and unsuccessfully attempted to remove the matter to the federal district court in New Jersey.

The matter was originally set for trial on March 27, 1995, but was continued by Hendrix to September 18, 1995. However, Hendrix failed to appear for trial. Judgment was entered against Hendrix in favor of Liquidator in the amount of $508,737, and the New Jersey court ordered the judgment served on all parties.

---

[1] All further statutory references shall be to the California Code of Civil Procedure unless otherwise noted.

On October 26, 1995, Liquidator filed an application for entry of judgment on sister state judgment in the Los Angeles Superior Court pursuant to section 1710.15.[2] The judgment was entered on November 3, 1995.

On November 14, 1995, Hendrix filed a motion to set aside the trial court's order of sister state judgment pursuant to section 1710.40,[3] and on December 14, 1995, Hendrix filed a supplemental motion. In both motions, Hendrix argued that he was unable to appear in New Jersey due to excusable neglect because of a serious medical condition that required his hospitalization during trial. Hendrix alleges that three days before trial was to begin, his physician, Dr. John Gean, told him to admit himself to the hospital, and that he did so the following day. Hendrix further alleges that he sent two informal written requests from the hospital, via fax, to the New Jersey court requesting a "medical adjournment" because of an illness that required hospitalization. The requests were denied by the New Jersey court and the trial proceeded in his absence resulting in a judgment against him. The trial court here denied Hendrix's motion to vacate the entry of sister state judgment. Hendrix appeals from the denial of this motion.

---

[2]Section 1710.15 states: "(a) A judgment creditor may apply for the entry of a judgment based on a sister state judgment by filing an application pursuant to Section 1710.20. [¶] (b) The application shall be executed under oath and shall include all of the following: [¶] (1) A statement that an action in this state on the sister state judgment is not barred by the applicable statute of limitations. [¶] (2) A statement, based on the applicant's information and belief, that no stay of enforcement of the sister state judgment is currently in effect in the sister state. [¶] (3) A statement of the amount remaining unpaid under the sister state judgment and, if accrued interest on the sister state judgment is to be included in the California judgment, a statement of the amount of interest accrued on the sister state judgment (computed at the rate of interest applicable to the judgment under the law of the sister state), a statement of the rate of interest applicable to the judgment under the law of the sister state, and a citation to the law of the sister state establishing the rate of interest. [¶] (4) A statement that no action based on the sister state judgment is currently pending in any court in this state and that no judgment based on the sister state judgment has previously been entered in any proceeding in this state. [¶] (5) Where the judgment debtor is an individual, a statement setting forth the name and last known residence address of the judgment debtor. Where the judgment debtor is a corporation, a statement of the corporation's name, place of incorporation, and whether the corporation, if foreign, has qualified to do business in this state under the provisions of Chapter 21 (commencing with Section 2100) of Division 1 of Title 1 of the Corporations Code. Where the judgment debtor is a partnership, a statement of the name of the partnership, whether it is a foreign partnership, and, if it is a foreign partnership, whether it has filed a statement pursuant to Section 15800 of the Corporations Code designating an agent for service of process. Except for facts which are matters of public record in this state, the statements required by this paragraph may be made on the basis of the judgment creditor's information and belief. [¶] (6) A statement setting forth the name and address of the judgment creditor. [¶] (c) A properly authenticated copy of the sister state judgment shall be attached to the application."

[3]Section 1710.40, subdivision (a) provides in relevant part: "(a) A judgment entered pursuant to this chapter may be vacated on any ground which would be a *defense* to an action in this state on the sister state judgment. . . ." (Italics added.)

CONTENTION

The trial court abused its discretion in denying appellant's motion to vacate the entry of sister state judgment on the ground of excusable neglect.

DISCUSSION

1. *The court's denial of Hendrix's motion to vacate was not an abuse of discretion.*

    a. *California is required to give full faith and credit to sister state judgments.*

■ Article IV, section 1 of the United States Constitution provides that "[f]ull Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State." "It has long been the law that 'the judgment of a state court should have the same credit, validity, and effect in every other court in the United States, which it had in the state where it was pronounced.' [Citations.]" (*Thomas* v. *Washington Gas Light Co.* (1980) 448 U.S. 261, 270 [100 S.Ct. 2647, 2655, 65 L.Ed.2d 757].) "Therefore, under California law, the judgment of a sister state must be given full faith and credit if that sister state had jurisdiction over the parties and the subject matter, and all interested parties were given reasonable notice and opportunity to be heard. [Citation.]" (*Brinker* v. *Superior Court* (1991) 235 Cal.App.3d 1296, 1299 [1 Cal.Rptr.2d 358].) Therefore, unless there are proper legal grounds for setting aside entry of the New Jersey judgment, California will be required to recognize it as valid.

    b. *California's Sister State Money Judgment Act.*

In response to the constitutional mandate of full faith and credit, the California Legislature enacted several statutory provisions that provide economical and expeditious registration procedures for enforcing sister state money judgments in California. (*Washoe Development Co.* v. *Guaranty Federal Bank* (1996) 47 Cal.App.4th 1518, 1521-1522 [55 Cal.Rptr.2d 479].) A California judgment can be obtained simply by registering a sister state judgment with the superior court, thereby avoiding the necessity of bringing a completely independent action here. (*Id.* at p. 1522; § 1710.10 et seq.) With certain exceptions, the new judgment has the same effect as an original California money judgment and "may be enforced or satisfied in like manner." (§ 1710.35.) In the instant case, it is undisputed that respondent complied with the statutory prerequisites for enforcement of the New Jersey judgment in California.

c. *Appellant may not utilize section 473 as a defense to the entry of sister state judgment.*

■ Appellant's request for relief is based on section 1710.40 which provides that the entry of a sister state judgment "may be vacated on any ground which would be a defense to an action in this state on the sister state judgment. . . ." He argues that the legal grounds enunciated in section 473[4] apply to sister state judgments through section 1710.40. More specifically, Hendrix argues that his alleged inability to appear at the New Jersey trial because of his hospitalization is excusable neglect as defined by section 473 and as such is an allowable basis to vacate entry of the sister state judgment in California under section 1710.40. We disagree.

Following section 1710.40, the Law Revision Commission Comment explains: "Common defenses to enforcement of a sister state judgment include the following: [1] the judgment is not final and unconditional . . . ; [2] the judgment was obtained by extrinsic fraud; [3] the judgment was rendered in excess of jurisdiction; [4] the judgment is not enforceable in the state of rendition; [5] the plaintiff is guilty of misconduct; [6] the judgment has already been paid; [and 7] suit on the judgment is barred by the statute of limitations in the state where enforcement is sought." (Law Revision Com. com., 19A West's Ann. Code Civ. Proc. (1982) foll. § 1710.40, p. 694.) Hendrix has raised none of these defenses. Rather, he has sought to interpret the statute as allowing an attack on the judgment by utilizing California law, specifically section 473. While we do not express an opinion on whether the defenses listed by the Law Revision Commission are exclusive, we disagree with the proposition that section 473 presents a defense applicable to the entry of sister state judgments through section 1710.40.

2. *Appellant erroneously relies on Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd. (1993) 12 Cal.App.4th 74, 94.*

Appellant's argument that a sister state judgment can be set aside on the grounds of mistake, inadvertence, or excusable neglect, is based on the holding in *Tsakos Shipping & Trading, S.A.* v. *Juniper Garden Town Homes, Ltd.* (1993) 12 Cal.App.4th 74 [15 Cal.Rptr.2d 585]. In that case, a limited partnership included two general partners (Hsia and Hong), one limited partner, and a managing general partner (Chabafy). After dissolution, but before the partnership was wound up, Chabafy borrowed $35,000 from the plaintiff, Tsakos, representing himself as the managing partner of the partnership. Chabafy also signed an indemnity agreement purporting to bind the limited partnership as guarantor.

---

[4]Section 473, subdivision (b) provides, in relevant part: "The court may, upon any terms as may be just, relieve a party or his legal representative from a judgment, dismissal, order, or other proceeding taken against him . . . through his . . . mistake, inadvertence, surprise, or excusable neglect."

After Chabafy defaulted, Tsakos filed a complaint in New York state court against Chabafy and the partnership, among others. In that action, Chabafy was served individually and on behalf of the partnership, and retained counsel who purported to represent both such interests. Judgment was rendered against all defendants for $35,000. However, Hsia and Hong were never made aware of the proceedings in New York and did not realize that Chabafy had retained counsel to represent the partnership.

Tsakos filed notice of entry of the New York judgment in California. The partnership filed a motion to vacate entry of such judgment under section 1710.40. The trial court denied the motion.

On appeal, the partnership advanced three arguments for vacating entry of the sister state judgment: (1) service was ineffective; (2) the judgment was obtained through fraud because the counsel purporting to represent the partnership had a conflict of interest in that it also represented Chabafy; and (3) Chabafy had no actual or apparent authority to bind the partnership as guarantor.

The court responded that ". . . defective service alone is not a sufficient basis to vacate entry of a sister state judgment. Rather, a party ' "must *plead and prove* that he has a meritorious case, i.e., a good claim or defense which, if asserted in a new trial, would be likely to result in a judgment favorable to him." [Citation.]' " (*Tsakos Shipping & Trading, S.A.* v. *Juniper Garden Town Homes, Ltd.*, *supra*, 12 Cal.App.4th at pp. 89-90, original italics, quoting *New York Higher Education Assistance Corp.* v. *Siegel* (1979) 91 Cal.App.3d 684, 688-689 [154 Cal.Rptr. 200].) "Thus, [the partnership] must show that a different result would likely follow if the New York judgment were set aside and a new trial held." (12 Cal.App.4th at p. 90.) After the court decided that the limited partnership had a valid defense based on partnership law, it "return[ed] to the issue of whether a basis exists for vacating notice of entry of that judgment." (*Id.* at p. 94.) The court stated that a sister state judgment may be set aside ". . . *on the ground of mistake, inadvertence, or excusable neglect* because a conflict in representation deprived a party of a fair trial. (See Code Civ. Proc., § 473; *Gregory* v. *Gregory* (1949) 92 Cal.App.2d 343, 345, 348-349 . . . ; *Raynum* v. *Wallace* (1938) 28 Cal.App.2d 136, 137-138 . . . See also *Promotus Enterprises, Inc.* v. *Jiminez* [1971] 21 Cal.App.3d [560,] 562 [98 Cal.Rptr. 571].)" (*Ibid.*, italics added.)

Appellant relies on the italicized language to argue that excusable neglect is a ground to set aside the sister state judgment in this case when it was filed in California. We disagree. Appellant has misread *Tsakos*, and misinterpreted section 1710.40.

The court in *Tsakos* sets forth a two-part procedure to vacate the entry of a sister state judgment: (1) the petitioner must demonstrate a meritorious defense such that a different result would follow if a new trial were granted in the sister state; and (2) there must be a procedural ground in California to vacate the judgment. The court found this procedural ground in section 473. We disagree with this analysis and the use of section 473. The procedural remedy for vacating entry of a sister state judgment lies within section 1710.40 alone. A party does not need to demonstrate a defense apart from that section, but must demonstrate a defense as allowed for by that section. Stated another way, a valid defense to a sister state judgment under section 1710.40 is a valid ground for vacating the entry of that judgment. A defendant does not need an additional procedural ground such as section 473.

Furthermore, the three cases relied upon by *Tsakos* as support for its position that section 473 applies to sister state judgments are inapposite. Neither *Gregory* v. *Gregory* (1949) 92 Cal.App.2d 343 [206 P.2d 1122], nor *Promotus Enterprises, Inc.* v. *Jiminez* (1971) 21 Cal.App.3d 560 [98 Cal.Rptr. 571], involved a motion to set aside a sister state judgment. Rather, both cases involved motions to set aside California judgments. And in *Raynum* v. *Wallace* (1938) 28 Cal.App.2d 136 [82 P.2d 74], the ground for setting aside the sister state judgment was lack of personal jurisdiction in the North Dakota action. Moreover, none of these cases dealt with a motion to vacate under section 1710.40.

3. *Excusable neglect under section 473 is not a defense.*

Appellant's argument fails for still another reason. Section 1710.40 requires the defendant to plead and prove *a defense* to the sister state judgment such as those enunciated by the Law Revision Commission in the comment to that section. Section 473, on the other hand, is not a defense but a procedural remedy for setting aside a default or a default judgment in California. It has nothing to do with sister state judgments. To allow sister state judgments to be collaterally attacked by section 473 would render the *full faith and credit* clause and section 1710.40 meaningless. If, for example, a party could file an attorney's affidavit of fault under section 473, subdivision (b), the court would be required to set aside the judgment without proof that the defendant had any defense at all to the sister state judgment. Such a result would defeat the plain language of section 1710.40.

CONCLUSION

As appellant has neither pleaded nor argued any defense available to him under section 1710.40, the trial court's denial of his motion to vacate entry

of sister state judgment must be affirmed. Further, we disagree that mistake or excusable neglect are grounds to challenge the entry of a sister state judgment. The sole ground for vacating a sister state judgment is found in section 1710.40, not section 473.

## DISPOSITION

Order denying Hendrix's motion to vacate entry of sister state judgment affirmed. Costs are awarded to respondent.

Croskey, Acting P. J., and Kitching, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 16, 1997.