Filed 11/22/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CONSECO MARKETING, LLC, | B244444 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BS130398) |
| v. | |
| IFA AND INSURANCE SERVICES, INC., et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Matthew St. George, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed.

Kenneth D. Sisco for Defendants and Appellants.

Adam D. Cotter; Anderson, McPharlin & Conners and Richard P. Tricker for Plaintiff and Respondent.

_____

Conseco Marketing, LLC (judgment creditor), obtained a judgment based on a sister state judgment pursuant to the Sister State and Foreign Money—Judgments Act (SSFMJA) (Code Civ. Proc., § 1710.10 et seq.) against IFA and Insurance Services, Inc. (IFA) and Retiring America and Insurance Services, Inc. (RA; collectively, judgment debtors). (Undesignated section references are to the Code of Civil Procedure.) Judgment debtors appeal from the order denying their motion to set aside default and vacate the judgment. (All references to judgment are to the judgment entered pursuant to the SSFMJA.)

Judgment debtors contend judgment creditor lacks standing to apply for entry of the sister state judgment because judgment creditor is not qualified to do business in California. They argue their motion is timely under the SSFMJA because they were not served with notice of entry of the judgment and only had belated "actual notice" of such entry. They maintain their motion is timely under section 473.5 and should have been granted under section 473.5 because they were deprived of an opportunity to defend in view of a lack of service of process and their belated "actual notice" of the sister state action.

This appeal presents these issues: Is a judgment creditor which is a foreign limited liability company required to qualify to do business in California as a precondition to applying for entry of a sister state judgment under the SSFMJA? Is the 30-day limit to make a motion to vacate the judgment triggered by service on a corporate judgment debtor's designated agent for service, without regard to when the judgment debtor obtained "actual notice" of entry of the sister state judgment under the SSFMJA? Is section 473.5 applicable to the SSFMJA?

We affirm the order. A judgment creditor which is a foreign limited liability company does not have to qualify to do business in California in order to enforce a sister state judgment under the SSFMJA. Substantial evidence supports the trial court's findings judgment debtors were served properly with process in the sister state action and with notice of entry of the judgment through their designated agent for service in California. Such service on the designated agent, not a judgment debtor's "actual

2

notice," triggers the 30-day limit for making a motion to vacate the judgment, so long as the judgment debtor was effectively served with process in the sister state action. Section 473.5, which is a procedural remedy regarding relief from a default or default judgment, is inapplicable to a judgment entered under the SSFMJA.

## BACKGROUND

### 1. *The Indiana or Sister State Action*

On August 20, 2010, in an Indiana state court, judgment creditor filed a complaint for breach of contract against judgment debtors. On August 26, 2010, the clerk served a copy of the summons and complaint by certified mail with return receipt requested to each of the judgment debtors in care of Executive on the Go, Inc. (Executive), their designated agent for service. On August 30, 2010, Angela Cole of Executive signed the return receipts in California.

On October 6, 2010, judgment creditor filed a motion for entry of default judgment. On October 14, 2010, the Indiana court entered a default against judgment debtors. On December 6, 2010, a hearing was set on the damages issue. On December 7, 2010, the court entered judgment in favor of judgment creditor and against judgment debtors for $675,256.45.

### 2. *The California Full Faith and Credit Judgment*

On February 15, 2011, in the Los Angeles Superior Court, judgment creditor filed its application for entry of judgment on sister state judgment pursuant to the SSFMJA. On February 25, 2011, the clerk entered the sister state judgment. On March 7, 2011, a registered California process server personally served a copy of the notice of entry of judgment on sister state judgment on Sandra Sisneros, a "Person Authorized By The Corporation[, namely, Executive,] to Receive Service of Process" on behalf of IFA and RA. Proofs of service were filed on March 11, 2011.

### 3. *Denial of Motion to Set Aside Default and Vacate Judgment*

On August 22, 2012, seventeen months after personal service of the notice of entry of the sister state judgment, judgment debtors filed a motion to vacate judgment. Judgment creditor filed opposition and objections to certain declarations.

3

The superior court denied the motion as untimely.  This appeal is taken from that order.

## DISCUSSION

**1.** *Enforcement of Sister State Judgment in California through SSFMJA*

**a.** *Sister State Judgment Entitled to Full Faith and Credit*

"Article IV, section 1 of the United States Constitution provides that '[f]ull Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State.'  'It has long been the law that "the judgment of a state court should have the same credit, validity, and effect in every other court in the United States, which it had in the state where it was pronounced." [Citations.]'  [Citation.] 'Therefore, under California law, the judgment of a sister state must be given full faith and credit if that sister state had jurisdiction over the parties and the subject matter, and all interested parties were given reasonable notice and opportunity to be heard. [Citation.]'  [Citation.]" (*Liquidator of Integrity Ins. Co. v. Hendrix* (1997) 54 Cal.App.4th 971, 975 (*Liquidator*).)

**b.** *Application for Enforcement of Sister State Judgment*

"[A] sister state judgment is not, by itself, enforceable in California.  It is only after the sister state judgment has been made a California judgment that any form of execution or enforcement can be had." (*Epps v. Russell* (1976) 62 Cal.App.3d 201, 204.)

"In response to the constitutional mandate of full faith and credit, the California Legislature enacted [the SSFMJA, which sets forth] several statutory provisions that provide economical and expeditious registration procedures for enforcing sister state money judgments in California.  [Citation.]  A California judgment can be obtained simply by registering a sister state judgment with the superior court, thereby avoiding the necessity of bringing a completely independent action here.  [Citations.]  With certain exceptions, the new judgment has the same effect as an original California money judgment and may be enforced or satisfied in like manner.'  [Citation.]" (*Liquidator*, *supra*, 54 Cal.App.4th at p. 975.)

4

In California, pursuant to the SSFMJA, in a special proceeding "[a] judgment creditor may apply for the entry of a judgment based on a sister state judgment by filing an application pursuant to Section 1710.20." (§ 1710.15, subd. (a).) "An application for entry of a judgment based on a sister state judgment shall be filed in a superior court." (§ 1710.20, subd. (a).) "[T]he clerk shall enter a judgment based upon the application for the total of the following amounts as shown therein: [¶] (1) The amount remaining unpaid under the sister state judgment. [¶] (2) The amount of interest accrued on the sister state judgment (computed at the rate of interest applicable to the judgment under the law of the sister state). [¶] (3) The amount of the fee for filing the application for entry of the sister state judgment." (§ 1710.25, subd. (a).)

As this court previously explained, the entry of a sister state judgment by the clerk is a ministerial, not a judicial, act, and the SSFMJA "simply permits the *registration* of a sister state judgment so it may be enforced against property located in this state. [Citation.]" (*Bank One Texas v. Pollack* (1994) 24 Cal.App.4th 973, 978–979.) An application for entry of a sister state judgment under the SSFMJA is not the exclusive means to enforce the sister state judgment in California. As an alternative, such enforcement may be sought through a traditional lawsuit. (§ 1710.60.)

c. ***Thirty Days to Make Motion to Vacate Judgment Upon Notice***

The omission of the SSFMJA to provide for notice and hearing before entry of the sister state judgment by the clerk does not render such judgment unconstitutional. After notice of entry of that judgment, the judgment debtor may make a motion to vacate the judgment. (*Liebow v. Superior Court* (1981) 120 Cal.App.3d 573, 576.)

"Notice of entry of judgment shall be served promptly by the judgment creditor upon the judgment debtor in the manner provided for service of summons . . . . Notice shall . . . inform the judgment debtor that the judgment debtor has 30 days within which to make a motion to vacate the judgment." (§ 1710.30, subd. (a).) "Not later than 30 days after service of notice of entry of judgment pursuant to Section 1710.30 . . . the judgment debtor, on written notice to the judgment creditor, may make a motion to vacate the judgment under this section." (§ 1710.40, subd. (b).)

5

The judgment is subject to challenge on a variety of grounds, including failure to serve or defective service of the notice of entry of judgment.  The 30-day limit does not apply where the judgment debtor was not served properly with process in the sister state action.  (*Airlines Reporting Corp. v. Renda* (2009) 177 Cal.App.4th 14, 20 [30-day limit does not apply where sister state judgment void for lack of personal jurisdiction].)  "When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.'  [Citation.]"  (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 (*American Contractors Indemnity*).)

### d.  *Defenses to Recognition of Sister State Judgment under SSFMJA*

A sister state judgment entered pursuant to the SSFMJA "may be vacated on any ground which would be a defense to an action in this state on the sister state judgment[.]" (§ 1710.40, subd. (a).)  "Following section 1710.40, the Law Revision Commission Comment explains:  'Common defenses to enforcement of a sister state judgment *include* the following:  [1] the judgment is not final and unconditional . . . ; [2] the judgment was obtained by extrinsic fraud; [3] the judgment was rendered in excess of jurisdiction; [4] the judgment is not enforceable in the state of rendition; [5] the plaintiff is guilty of misconduct; [6] the judgment has already been paid; [and 7] suit on the judgment is barred by the statute of limitations in the state where enforcement is sought.'  (Law Revision Com. com., 19A West's Ann. Code Civ. Proc. (1982) foll. § 1710.40, p. 694.)" (*Liquidator*, *supra*, 54 Cal.App.4th at p. 976, italics added.)

We note section 1710.40 does not describe or enumerate the defenses which would justify vacating a sister state judgment, and, although the Law Revision Commission does enumerate certain defenses, such defenses are not all-inclusive. Rather, by using the word "include," the Commission simply intended such defense references as examples of the types of defenses which fall within section 1710.40.  The defense that the sister state judgment is void for lack of fundamental jurisdiction constitutes another example.  (See *American Contractors Indemnity*, *supra*, 33 Cal.4th at

6

pp. 660–661; cf. *Wells Fargo Bank, NA v. Baker* (2012) 204 Cal.App.4th 1063, 1068 (*Wells Fargo Bank*).)

## 2. *Under SSFMJA, Judgment Creditor Need Not Qualify in California*

Judgment debtors contend judgment creditor lacks standing to obtain entry of a sister state judgment because it is a nonqualified foreign corporation not entitled to do business, namely, transact intrastate business, in California. We disagree.

"'Transact intrastate business' means to enter into repeated and successive transactions of business in this state, other than in interstate or foreign commerce." (Corp. Code, § 17001, subd. (ap).) "A foreign corporation shall not transact intrastate business without having first obtained from the Secretary of State a certificate of qualification." (Corp. Code, § 2105, subd. (a).) "A foreign corporation transacting intrastate business which has failed to qualify with the Secretary of State may nevertheless *defend* an action brought against it in state court [and] may also *commence* an action in state court[; it] may not, however, *maintain* an action commenced prior to qualification, except upon the satisfaction of certain conditions. [Citation.]" (*United Medical Management Ltd. v. Gatto* (1996) 49 Cal.App.4th 1732, 1739.) Similarly, "[a] foreign limited liability company transacting intrastate business in this state shall not maintain any action, suit, or proceeding in any court of this state until it has registered in this state." (Corp. Code, § 17456, subd. (a).)

But "a foreign limited liability company shall not be considered to be transacting intrastate business . . . solely by reason of carrying on in this state any one or more of the following activities: [¶] . . . Maintaining or defending any action or suit" or "Securing or collecting debts[.]" (Corp. Code, § 17001, subd. (ap)(2)(A) & (H).) Thus, application of judgment creditor, a foreign limited liability company, for entry of a sister state judgment does not constitute the transaction of intrastate business because in proceeding under the SSFMJA, judgment creditor is "[m]aintaining . . . [an] action" for the sole purpose of "collecting [a] debt[]."

Also, we note the SSFMJA does not contain a requirement that a judgment debtor which is a foreign corporation or foreign limited liability company, such as judgment

7

creditor here, needs to qualify with the Secretary of State as a precondition to invoking its provisions to enforce a sister state judgment.

Accordingly, judgment creditor's proceeding under the SSFMJA in a California court is permitted.

**3.** *Motion to Vacate and Set Aside Judgment Untimely*

Judgment debtors contend the trial court abused its discretion in denying their motion to vacate judgment as untimely. We disagree because substantial evidence supports the court's findings service of process on judgment debtors in the Indiana action was proper and the motion was time-barred because it was made 17 months, rather than within 30 days, after proper service on judgment debtors with notice of entry of the judgment.

**a.** *Legal Principles*

The party moving under section 1710.40 to set aside the sister state judgment has "the burden to show by a preponderance of the evidence why it was entitled to relief. [Citation.]" (*Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.* (1993) 12 Cal.App.4th 74, 88 (*Tsakos*).)

For example, if the movant proves service of process in the sister state action was not made or was defective, this burden has been met. Under these circumstances, the sister state judgment is void for lack of fundamental jurisdiction and therefore unenforceable in California. (*American Contractors Indemnity*, *supra*, 33 Cal.4th at p. 660 ["'Lack of jurisdiction in its most fundamental . . . sense means . . . absence of authority over . . . the parties.'"].)

In contrast, where service of process in the sister state action is proper, in order to prevail on the motion to vacate the judgment, the burden is on movant both to: (1) establish the motion is not time-barred; and (2) plead and prove a viable defense to an action in this state on the sister state judgment.

"The ruling on a motion to set aside a judgment rests in the sound discretion of the trial court and will not be set aside on appeal unless a clear abuse of discretion appears. [Citations.] On appeal . . . we view all factual matters most favorably to the prevailing

8

party.  [Citation.]" (*Tsakos*, *supra*, 12 Cal.App.4th at pp. 88–89.)  We will not revisit the trial court's factual determination if supported by substantial evidence, and where no conflict in the evidence exists, our review is de novo.  (See, e.g., *Wells Fargo Bank*, *supra*, 204 Cal.App.4th at p. 1068.)  "Moreover, it is for the trial court to evaluate the credibility of witnesses [citation] . . . .  'A witness may be contradicted by the facts he states . . . and there may be so many omissions in his account of particular transactions or of his own conduct as to discredit his whole story.'  [Citation.]" (*Tom Thumb Glove Co. v. Han* (1978) 78 Cal.App.3d 1, 5.)

   b.  *Service Effected Properly in California and Indiana*

Judgment debtors contend they were not served with notice of entry of the sister state judgment or with process in the Indiana action.  The record belies their contentions.

Judgment debtors are California corporations.  It is undisputed Executive was their designated agent for service during all relevant times.  Their position is they were not given "actual notice" of entry of the sister state judgment or of the sister state action through service on their designated agent.  As support, they rely on the declaration of Brandon Cade, Executive's office manager.

Cade declared that from sometime in 2008 until March 1, 2012, for IFA and October 25, 2011, for RA, Executive was their agent for service.  During a search of Executive's records, he "found nothing to indicate that Executive received any sort of paperwork, as Agent for Service, on behalf of either IFA or RA" and "if Executive had received papers on behalf of either IFA or RA, those papers would have been logged in, and forwarded to the client company; in this case, IFA and RA.  There are no such log entries."

While the Cade declaration may constitute evidence that Executive had no log entries that reflected Executive was served on behalf of judgment debtors with notice of entry of the sister state judgment and with process in the Indiana action, the declaration does not refute the evidence establishing that Executive in fact had been served with such notice and process.  The record reflects service was made as follows.

9

In the Indiana action, on August 30, 2010, the court clerk served the summons and complaint by certified mail with return receipt requested on Executive, as judgment debtors' agent for service of process. In California, Angela Cole of Executive signed the return receipts for the summons and complaint served by the Indiana court clerk through certified mail. On October 6, 2010, judgment creditor's motion for entry of default judgment against judgment debtors was filed and a copy was served on Executive. On October 14, 2010, the Indiana court entered a default against judgment debtors. Executive was served with a copy of that default order. Executive was served with a notice of the hearing for December 6, 2010, regarding damages on default judgment. On December 7, 2010, Executive was served with the court order for damages on default judgment.

In the SSFMJA proceeding, on March 7, 2011, notice of entry of the sister state judgment was served on Executive pursuant to section 1710.30. This notice was personally served on Sandra Sisneros of Executive for each judgment debtor. Proofs of personal service were filed March 11, 2011.

Judgment debtors offer no evidence Sisneros was not authorized by Executive to be served with the notice of entry of the sister state judgment or a declaration from Sisneros stating she never was served with this document. Nor do they offer evidence Cole was not authorized by Executive to sign the return receipts for the certified mail in the Indiana action or a declaration in which she disavowed her signature evidencing such service.

In addition, at the hearing on the motion, judgment debtors did not contest the evidence reflecting the propriety of the service on Cole and Sisneros for Executive. Their attorney in fact conceded judgment creditor had "provided pretty good evidence that the agent for service was served," and, "I don't know what to do about that, except to argue" Conseco could have called about their imminent default and asked, "What is going on here."

As noted, the 30-day limit for making a motion to vacate the judgment under the SSFMJA is inapplicable where a judgment debtor was not properly served with process

10

in the sister state action.  "'[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction.  [Citation.]  Thus, a [sister state] default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void.  [Citation.]'"  (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544.)  But this is not the case here because judgment debtors do not contend service of process by certified mail with return receipt was unauthorized under Indiana law.  We note California law would provide for such service in an action. (§ 415.40.)

Judgment debtors had 30 days from personal service of the notice of entry of the sister state judgment on March 7, 2011, to make a motion to vacate the judgment. Judgment debtors did not file the motion until August 22, 2012, which was 17 months later.  The motion therefore was untimely.

### c. *Actual Notice Inconsequential*

Judgment debtors contend they are entitled to have the sister state judgment vacated because they had no "actual notice" of entry of that judgment under the SSFMJA or of the Indiana action until about March 3, 2012, after judgment creditor levied on one of IFA's bank accounts.  Their contention is without merit.

When judgment debtors obtained "actual notice" of entry of the sister state judgment is inconsequential under the SSFMJA.  Under "section 1710.40, subdivision (b), actual knowledge does not commence the running of the 30-day period.  Rather, the statute explicitly states that the 30-day period for bringing the motion commences with *service* of the notice of [entry of] the sister state judgment."  (*Tsakos*, *supra*, 12 Cal.App.4th at p. 84.)  And, as discussed above, judgment debtors were properly served with notice of entry of the sister state judgment and with the summons and complaint in the Indiana action.

11

**4.** *Section 473.5 Inapplicable to Judgment Under SSFMJA*

Judgment debtors contend the trial court erred in refusing to vacate the sister state judgment pursuant to section 473.5. We disagree because section 473.5 is inapplicable to a sister state judgment entered under the SSFMJA.[1]

"When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." (§ 473.5, subd. (a).)

Judgment debtors contend their motion to vacate judgment was timely under section 473.5, subdivision (a) because it was made within 180 days after entry of the sister state judgment. They contend the court should have vacated the sister state judgment under section 473.5, subdivision (a) because their failure to offer a defense in the Indiana action arose from the absence of service of process and their lack of actual notice. The fatal fallacy of their position lies in their failure to recognize that section 473.5 is not applicable to a judgment entered pursuant to the SSFMJA.

In *Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, at 203 the court explained, "Section 473.5 is addressed to motions to set aside a default or default judgment . . . . Section 473.5 is a procedural remedy by which a default or default

---

[1] In their reply brief, for the first time, judgment debtors make passing mention of section 473. Judgment debtors have forfeited their claim to relief under section 473 by failing to support that claim with any argument together with record references and citation to applicable authorities. (*MST Farms v. C.G. 1464* (1988) 204 Cal.App.3d 304, 306; see also *Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649–650; *Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1303; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

12

judgment may be set aside" and is inapplicable to a sister state judgment entered pursuant to the SSFMJA because it is not a default or default judgment.

## DISPOSITION

The order denying IFA and Insurance Services, Inc., and Retiring America and Insurance Services, Inc.'s motion to vacate the judgment entered pursuant to the Sister State and Foreign Money—Judgments Act (Code Civ. Proc., § 1710.10 et seq.) is affirmed.  Conseco Marketing, LLC, shall recover its costs on appeal.

CERTIFIED FOR PUBLICATION.


        MALLANO, P. J.

We concur:


    ROTHSCHILD, J.


    CHANEY, J.