Filed 7/17/14  Employee Management v. Aloha Group Limited CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| EMPLOYEE MANAGEMENT CORPORATION, | B249664 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BS038466) |
| v. | |
| THE ALOHA GROUP LIMITED et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Daniel J. Buckley, Judge.  Affirmed.

Enenstein Ribakoff Laviña & Pham, Teri T. Pham and Robert A. Rabbat for Defendants and Appellants.

Herzlich & Blum and Allan Herzlich for Plaintiff and Respondent.

Defendants and appellants Marshall Mars (Mars), The Aloha Group Limited, and Aloha Rainbows (collectively, defendants) appeal from the trial court's order denying their motion under Code of Civil Procedure section 1710.40[1] to vacate a judgment based on a sister state judgment entered against them in the State of Hawaii in 1996 (the Hawaii judgment). We affirm the trial court's order.

## BACKGROUND

On February 15, 1996, the Circuit Court of the First Circuit of the State of Hawaii (the Hawaii Circuit Court) entered a money judgment (the Hawaii judgment) against defendants and in favor of plaintiff and respondent Employee Management Corporation (plaintiff). Plaintiff obtained a judgment against defendants in California on March 22, 1996 (the 1996 judgment) by filing an application under section 1710.15 for entry of judgment based on the Hawaii judgment. Plaintiff did not serve defendants with notice of entry of the 1996 judgment. On December 23, 1997, the Hawaii Circuit Court entered an amended final judgment against defendants, nunc pro tunc as of February 15, 1996.

On June 13, 2005, plaintiff filed an application for renewal of the 1996 judgment and obtained a renewal extending enforceability of that judgment for an additional 10 years. On November 30, 2005, plaintiff obtained from the Hawaii Circuit Court an order extending the Hawaii judgment for an additional 10-year period, to February 15, 2016.

In May 2012, plaintiff sought to enforce the 1996 judgment in California by filing an application and order for a judgment debtor examination of defendant Mars. In September 2012, Mars filed a motion for an order vacating the 1996 judgment and precluding plaintiff from attempting to reenter in California any judgment based on the Hawaii judgment.

On December 13, 2012, the trial court granted Mars's motion to vacate the 1996 judgment. Plaintiff did not appeal the order granting the motion to vacate, but instead filed another application under section 1710.15, seeking once again to have the Hawaii judgment entered in California. Pursuant to plaintiff's application, a judgment based on

---

[1] All further statutory references are to the Code of Civil Procedure.

the Hawaii judgment was entered against defendants on January 30, 2013 (the 2013 judgment). Plaintiff served notice of entry of the 2013 judgment on defendants on February 10, 2013. On March 8, 2013, defendants moved to vacate the 2013 judgment on the ground that plaintiff's attempt to reenter the Hawaii judgment was barred by the statute of limitations.

On April 18, 2013, the trial court denied the motion, concluding that reentry of the Hawaii judgment against defendants was not barred by the 10-year limitation period set forth in section 337.5, subdivision (b), and that defendants had been timely served with notice of entry of judgment. The court reasoned that because "the date from which to calculate all the relevant limitations period is not 1996 . . . [but] Plaintiff's renewal of its 1996 sister-state judgment in 2005 and . . . Plaintiff's January 2013 re-entry of its renewed Hawaiian judgment."

Defendants requested clarification of the trial court's April 18, 2013 order, asking whether the decision was based upon the 2005 renewal in California of the 1996 judgment or the 2005 renewal in Hawaii of the Hawaii judgment. On June 27, 2013, the trial court issued an order clarifying that its April 18, 2013 order was based "primarily" on renewal of the judgment in Hawaii. The court then reiterated its ruling that "[t]he sister state Hawaiian judgment registered in January of 2013, therefore, supersedes all of the prior registered judgments, whose enforcement was either barred by [section] 583.210 or the ten-year statute of limitations set forth in [section] 337.5(b)."

This appeal followed.

## DISCUSSION

### I. Applicable law and standard of review

The Sister State and Foreign Money Judgments Act (§ 1710.10 et seq.) allows a judgment creditor who has obtained a money judgment in another state to obtain an enforceable judgment in California by filing in the superior court an application for entry

3

of a judgment based on a sister state judgment. (§§ 1710.15, 1710.20.)[2] Upon the filing of such an application, the clerk must enter a judgment for the total amount remaining unpaid under the sister state judgment plus the amount of interest accrued on that judgment, as well as the filing fee for the application. (§ 1710.25; *Conseco, supra*, 221 Cal.App.4th at p. 838 ["entry of a sister state judgment by the clerk is a ministerial, not a judicial, act"].) Judgment may not be entered, however, if a judgment based on the same sister state judgment has previously been entered in any proceeding in California. (§ 1710.55, subd. (c).)[3]

Upon entry of a sister state judgment, the judgment creditor must "promptly" serve notice of entry of judgment on the judgment debtor. (§ 1710.30, subd. (a).) Notice must be served in the same manner as a summons, and proof of service must be filed with the court. (*Ibid.*; Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2012) ¶6:1820, p. 6J-8.) The notice must inform the judgment debtor that the judgment debtor has 30 days within which to bring a motion to vacate the judgment. (§ 1710.30, subd. (a).) Within that 30-day period, the judgment debtor, on written notice to the judgment creditor, may file a motion to vacate the judgment. (§ 1710.40, subd. (b).)

A judgment based on a sister state judgment "may be vacated on any ground which would be a defense to an action in this state on the sister state judgment." (§ 1710.40, subd. (a).) The statute does not identify the available defenses, but the Law Revision Commission's comment to section 1710.40 states that "[c]ommon defenses to

---

[2]    An application for entry of a sister state judgment under the Sister State and Foreign Money Judgments Act is not the exclusive means to enforce a sister state judgment in California. Such enforcement may also be sought through a traditional lawsuit. (§ 1710.60; *Conseco Marketing, LLC v. IFA & Ins. Services, Inc.* (2013) 221 Cal.App.4th 831, 838 (*Conseco*).)

[3]    Section 1710.55 states in relevant part: "No judgment based on a sister state judgment may be entered pursuant to this chapter in any of the following cases: [¶] . . . [¶] (c) A judgment based on the sister state judgment has previously been entered in any proceeding in this state."

enforcement of a sister state judgment include the following:  the judgment is not final and unconditional . . . ; the judgment was obtained by extrinsic fraud; the judgment was rendered in excess of jurisdiction; the judgment is not enforceable in the state of rendition; the plaintiff is guilty of misconduct; the judgment has already been paid; [and] suit on the judgment is barred by the statute of limitations in the state where enforcement is sought."  (Cal. Law Revision Com. com., Deering's Ann. Code Civ. Proc. (1981 ed.) foll. § 1710.40, p. 405.)  Although not listed in the Law Revision Commission comment, expiration of the statutory period for enforcement of the judgment is another such defense.  An action in California to enforce a sister state money judgment is subject to a 10-year statute of limitations.  (§ 337.5, subd. (b).)

The party moving under section 1710.40 to vacate a judgment based on a sister state judgment has "the burden to show by a preponderance of the evidence why it was entitled to relief.  [Citation.]"  (*Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.* (1993) 12 Cal.App.4th 74, 88.)  A ruling on a motion to vacate a judgment under section 1710.40 is within the sound discretion of the trial court and will not be set aside on appeal unless a clear abuse of discretion has been established.  (*Tsakos*, at pp. 88-89.)

## II.  Motion to vacate the judgment

### A.  *Entry of the 2013 judgment was not prohibited by section 1710.55*

Defendants contend entry of the 2013 judgment violated section 1710.55, which prohibits entry of judgment based on a sister state judgment that has previously been entered in California.  They argue that entry of the 2013 judgment was based on the same Hawaii judgment that was the basis for entry of the 1996 judgment previously entered against them in California.

Pursuant to defendants' motion under section 1710.40, the 1996 judgment was vacated on December 13, 2012.  The "effect of a vacating order is to eliminate the judgment.  [Citation.]"  (*Bulmash v. Davis* (1979) 24 Cal.3d 691, 697.)  Once a judgment is vacated, "the status of the parties that existed prior to the judgment is restored and the situation then prevailing is the same as though the order or judgment had never been

5

made.  [Citation.]"  (*Ibid*.)  The 1996 judgment ceased to exist as of December 13, 2012, and did not bar plaintiff from obtaining, on January 30, 2013, entry of a new judgment based on the Hawaii judgment.  The prohibition imposed by section 1710.55, subdivision (c) accordingly does not apply.

### B.  *Defendants were promptly served with notice of entry of judgment*

Defendants next contend they were not timely served with notice of entry of the 2013 judgment.  They claim that section 583.210 required plaintiff to serve them with notice of entry of judgment "within three years after the action is commenced against the defendant" (§ 583.210, subd. (a)), and that they were served more than three years after plaintiff first commenced this action against them in California by obtaining the 1996 judgment.

Section 583.210 governs the time for service of a summons and complaint.  It does not govern the service of a notice of entry of a sister state judgment.  The Sister State and Foreign Money Judgments Act does not specify a time limit for service of the notice of entry of judgment.  Section 1710.30 simply requires the judgment creditor to serve notice of entry of judgment "promptly" on the judgment debtor "in the manner provided for service of summons by Article 3 (commencing with section 415.10) of Chapter 4 of Title 5 of Part 2."  (§ 1710.30, subd. (a).)  Section 583.210 is not part of title 5, chapter 4, of the Code of Civil Procedure, but appears in title 8.

Even if the three-year time limit imposed by section 583.210 applied, the relevant date for determining when plaintiff commenced this action is January 30, 2013, and not March 22, 1996 -- the date of entry of the 1996 judgment.  The 1996 judgment was eliminated by the December 13, 2012 order granting defendants' motion to vacate that judgment.  (*Bulmash v. Davis, supra*, 24 Cal.3d at p. 697.)

6

The 2013 judgment was entered on January 30, 2013. Defendants were served with notice of entry of that judgment 11 days later on February 10, 2013. Notice of entry of judgment was promptly served on defendants.**4**

### C. *Entry of judgment was not barred by the statute of limitations*

Defendants argue that entry of judgment in California based on the 1996 Hawaii judgment was barred by section 337.5, subdivision (b), which imposes a 10-year statute of limitations on an "action upon a judgment or decree of any court of the United States or of any state within the United States." Defendants further argue that plaintiff's 2005 renewal of the Hawaii judgment did not restart the 10-year limitations period, citing case authority holding that renewal of a judgment does not create a new judgment. (*Goldman v. Simpson* (2008) 160 Cal.App.4th 255, 262; *Jonathan Neil & Associates, Inc. v. Jones* (2006) 138 Cal.App.4th 1481, 1489 (*Jonathan Neil*).)

The cases cited by defendants contradict their position. As the court in *Jonathan Neil* observed: renewal of a judgment "does not create a new judgment or modify the present judgment. Renewal merely extends the enforceability of the judgment." (*Jonathan Neil, supra*, 138 Cal.App.4th at p. 1489.) Renewal of a judgment "in effect . . . resets the 10-year enforcement clock. [Citation.]" (*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2008) 168 Cal.App.4th 185, 191.) Plaintiff's 2005 renewal of the Hawaii judgment extended the enforceability of that judgment to February 2016. Entry of the 2013 California judgment, based on the renewed Hawaii judgment, was not barred by the statute of limitations but rather accorded full faith and credit to the Hawaii judgment. (See *Watkins v. Conway* (1966) 385 U.S. 188, 189-190 [Georgia statute of limitations on actions to enforce out of state judgments did not preclude

---

**4** Because we conclude defendants were promptly served with notice of entry of judgment, we need not decide whether noncompliance with the notice requirement of section 1710.30 is a valid ground for vacating the judgment. We note, however, that the law on this issue is unsettled. (Compare *Conseco, supra*, 221 Cal.App.4th at p. 839 [judgment based on sister state judgment may be challenged for failure to serve notice of entry of judgment] with *Magalnick v. Magalnick* (1979) 98 Cal.App.3d 753, 759 [noncompliance with the notice requirement of section 1710.30 does not invalidate entry of California judgment].)

plaintiff from reviving judgment in state where it was originally obtained; relevant date for applying statute of limitations was the date of revival of the judgment].)

The trial court's order denying the motion to vacate the 2013 judgment was not an abuse of discretion.

## DISPOSITION

The order denying the motion to vacate the judgment is affirmed.  Plaintiff is awarded its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.*
FERNS

_____

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.