Filed 3/28/25  McConnell v. Maynard CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| ANDREW POLLOCK MCCONNELL III, as Personal Representative, etc., | C097033 |
| Plaintiff and Respondent, | (Super. Ct. No. CVCS21-0001376) |
| v. | |
| SARA MAYNARD, | |
| Defendant and Appellant. | |

In April 2021, a Washington state court entered a judgment of nearly $40,000 against appellant Sara Maynard.  In August 2021, respondent Andrew Pollock McConnell III, in his capacity as personal representative of the Estate of Helen B. Maynard Jr., filed an application to enter the judgment in Sutter County Superior Court under the Sister State and Foreign Money-Judgments Act (Code Civ. Proc., § 1710.10 et seq.).[1]  After the clerk of the superior court registered the judgment, Maynard filed a motion to set it aside, arguing, among other things, that service of notice of entry of

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

1

judgment was defective. The trial court denied Maynard's motion. On appeal, Maynard contends that the trial court erred in finding service proper. We will affirm the trial court's order.

BACKGROUND

This matter arises out of an inheritance dispute. Maynard filed a lawsuit against McConnell and other defendants in King County Superior Court in Washington State. The Washington court dismissed the action and awarded McConnell attorneys' fees and costs totaling $39,886.15.

In August 2021, McConnell filed an application in Sutter County Superior Court for entry of judgment on a sister state judgment. The application requested the amount of the Washington judgment in addition to applicable filing fees and interest. A certified copy of the Washington judgment was attached. The clerk of the Sutter County Superior Court issued a notice of entry of judgment on the sister state judgment, setting out the amount of the judgment and warning that the judgment would become final if no motion to vacate was filed within 30 days of service of the notice.

McConnell retained a registered process server to serve Maynard. The process server attempted to serve Maynard at her residence in Sutter County on multiple occasions in March 2022, but in each instance, the occupant said they did not know Maynard or no one answered the door. Finally, on March 26, 2022, a man answered the door, confirmed that Maynard lived at the residence, and stated he was her roommate. He said she was not available and told the process server to leave or be shot. He refused to take the documents. The process server informed the man of the general nature of the documents and left a copy. Three days later, the process server sent a copy of the documents to the same address by first-class mail.

On May 18, 2022, Maynard filed a motion to set aside or stay the judgment. The motion argued that she had not been properly served and urged the trial court to stay or set aside the judgment on the ground that the Washington case had been appealed. The

2

motion attached a declaration from Maynard's husband, saying that he lived at the service address and never had a roommate. It also attached a declaration from an individual named Larry Dale, who claimed he had seen an unknown man at the service address on March 26, 2022. The declaration stated that the man did not attempt to give Dale any papers. The declaration did not explain who Dale was or why he was near the service address at the time.

McConnell opposed Maynard's motion, arguing that it was untimely because it was filed more than 30 days after notice of entry of judgment had been served. The opposition contended that service by the registered process server was entitled to a presumption of validity, and it disputed Maynard's assertions about the Washington appeal. The opposition also attached documents related to the underlying judgment and included copies of a deed and a title report for the service address indicating that the residence was owned by Maynard's husband and was conveyed to him by Maynard in April 2021.

In a reply brief, Maynard attached, among other things, a heavily redacted order from the Washington case, dated May 11, 2021.

At a July 18, 2022 hearing, the trial court denied Maynard's motion to set aside or stay the judgment. The court concluded that notice of entry of judgment had been properly served. It rejected Maynard's assertion that the pendency of an appeal in Washington required a stay. It also declined to consider the redacted Washington court order, stating, "I'm not going to pay any attention to a document that's redacted. The theory being is that the reason you redacted it is it doesn't help your case, and I'm not going to guess as to what it meant."

Maynard timely appealed.

DISCUSSION

Under the United States Constitution, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." (U.S.

3

Const., art. IV, § 1.) California's Sister State and Foreign Money-Judgments Act provides that a judgment creditor may request "the entry of a judgment based on a sister state judgment" by filing an application in the superior court. (§§ 1710.15, 1710.20.) Upon the application's filing, the court clerk "shall enter a judgment based upon the application for the total of the following amounts as shown therein: [¶] (1) The amount remaining unpaid under the sister state judgment. [¶] (2) The amount of interest accrued on the sister state judgment (computed at the rate of interest applicable to the judgment under the law of the sister state). [¶] (3) The amount of the fee for filing the application for entry of the sister state judgment." (§ 1710.25, subd. (a)(1)-(3).) "[T]he entry of a sister state judgment by the clerk is a ministerial, not a judicial, act." (*Conseco Marketing, LLC v. IFA & Ins. Services, Inc.* (2013) 221 Cal.App.4th 831, 838 (*Conseco*).) The statute " 'simply permits the *registration* of a sister state judgment so it may be enforced against property located in this state.' " (*Ibid.*)

Once the clerk has registered the judgment, "[n]otice of entry of judgment shall be served promptly by the judgment creditor upon the judgment debtor in the manner provided for service of summons . . . ." (§ 1710.30, subd. (a).) The notice must "inform the judgment debtor that the judgment debtor has 30 days within which to make a motion to vacate the judgment." (*Ibid.*) "Not later than 30 days after service of notice of entry of judgment . . . the judgment debtor, on written notice to the judgment creditor, may make a motion to vacate the judgment . . . ." (§ 1710.40, subd. (b).) The judgment "may be vacated on any ground which would be a defense to an action in this state on the sister state judgment, including the ground that the amount of interest accrued on the sister state judgment and included in the judgment . . . is incorrect." (§ 1710.40, subd. (a).) The moving party has " 'the burden to show by a preponderance of the evidence why it [is] entitled to relief.' " (*Conseco*, *supra*, 221 Cal.App.4th at p. 841.)

A court must grant a stay of enforcement of the judgment when "[a]n appeal from the sister state judgment is pending or may be taken in the state which originally rendered

4

the judgment." (§ 1710.50, subd. (a)(1).) In that event, enforcement "shall be stayed until the proceedings on appeal have been concluded or the time for appeal has expired." (*Ibid.*)

We review an order on a motion to set aside a sister state judgment for abuse of discretion. (*Blizzard Energy, Inc. v. Schaefers* (2020) 44 Cal.App.5th 295, 297.) "We view all factual matters in the light most favorable to the prevailing party." (*State of Arizona ex rel. Arizona Dept. of Revenue v. Yuen* (2009) 179 Cal.App.4th 169, 178.) "[W]hen substantial evidence supports the trial court's order, there is no abuse of discretion." (*Ibid.*)

In this case, substantial evidence supports the trial court's finding that service was proper. Maynard's motion to set aside the judgment was therefore untimely, and the trial court did not abuse its discretion in denying it. The Sister State and Foreign Money-Judgments Act requires notice of entry of judgment to be served in the same manner as service of a summons. (§ 1710.30, subd. (a).) Service of a summons may be made by personal service or by substitute service in which the documents are left at the "person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household" who is at least 18 years old and who is informed about the contents of the documents, followed by mailing the documents to the same location. (§§ 415.10, 415.20, subd. (b).) McConnell's registered process server filed a declaration of reasonable diligence describing his unsuccessful efforts to serve the documents on Maynard personally. He also completed a proof of service declaring that he left the documents in the presence of a person who described himself as Maynard's roommate and that he mailed a copy of the documents to the address thereafter. These steps satisfied the statutory requirements for service, and the process server's sworn declarations were sufficient evidence to that effect. Even if Maynard supplied conflicting evidence, it was within the trial court's discretion to resolve the conflict in McConnell's

5

favor.  We do not reweigh the evidence on appeal.  (*First American Title Ins. Co. v. Banerjee* (2022) 87 Cal.App.5th 37, 42-43.)

Maynard further contends that section 473.5, which provides longer than 30 days to file a motion challenging a judgment, required the trial court to set aside the judgment.  Putting aside the lack of explanation, analysis, or citation to the record in Maynard's brief (see Cal. Rules of Court, rule 8.204(a)(1)), section 473.5 " 'is a procedural remedy by which a default or default judgment may be set aside . . .' and is inapplicable to a sister state judgment entered pursuant to the [Sister State and Foreign Money-Judgments Act] because it is not a default or default judgment."  (*Conseco*, *supra*, 221 Cal.App.4th at p. 844.)

Maynard's reply brief additionally argues that the judgment should have been stayed because of the Washington appeal.  Because this argument was raised for the first time on reply, we will not consider it.  (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 158 [" 'Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue' "]; *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126 [" 'the in propria persona litigant is held to the same restrictive rules of procedure as an attorney' "].)  We reach the same conclusion with respect to Maynard's unexplained claim under section 1710.40 that the Washington judgment was obtained using extrinsic fraud and her contention that the trial court abused its discretion by refusing to consider the redacted document she proffered at the hearing.  Neither of these arguments was explained in the opening brief, and they were therefore forfeited.  (*Padron v. Watchtower Bible & Tract Society of New York, Inc.* (2017) 16 Cal.App.5th 1246, 1267.)

## DISPOSITION

The trial court's order denying the motion to set aside or stay the judgment is affirmed.  Respondent shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


            /s/
            FEINBERG, J.


We concur:


 /s/
HULL, Acting P. J.


 /s/
MAURO, J.

7