Filed 7/15/25  United Heritage Co. Ltd. v. Shirinyan CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| UNITED HERITAGE CO. LTD., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> GARY SHIRINYAN, <br><br> Defendant and Appellant. | B338382 <br><br> (Los Angeles County Super. Ct. No. 21STCP03123) |

APPEAL from orders of the Superior Court of Los Angeles County.  Lia Martin, Judge.  Reversed with directions.

Farivar Law Firm and Fahim Farivar for Defendant and Appellant.

Brian M. Bush for Plaintiff and Respondent.

_____

After receiving a judgment in its favor from the federal district court in Wyoming, respondent United Heritage Co. Ltd. (United Heritage) filed an application for entry of judgment against appellant Gary Shirinyan (Shirinyan), pursuant to the Sister State Money Judgments Act (SSMJA) (Code Civ. Proc., § 1710.10 et seq.).[1] Upon receiving a notice of entry of judgment, Shirinyan moved to vacate the entry of the "sister state" judgment. (§ 1710.40.) The trial court denied that motion, along with Shirinyan's subsequent motion for reconsideration. Shirinyan appeals from both orders.

After the parties briefed the appeal, we solicited supplemental briefing as to whether the SSMJA authorizes entry of judgment based on a federal court order. The parties agree that it does not, but dispute how that principle affects this appeal. We conclude that the entry of judgment must be vacated because it was not authorized by statute. Accordingly, we reverse and direct the trial court to vacate the entry of judgment on sister state judgment.

## BACKGROUND

In November 2019, Shirinyan entered into a stock loan agreement (the contract) with United Heritage.[2] Under the contract, United Heritage would give Shirinyan 2,200,000 shares of stock in Rafarma Pharmaceuticals, Inc. Shirinyan would then sell those shares, return most of the profit (along with any unsold shares) to United Heritage, and retain a commission for himself. The contract contained a forum selection clause providing that

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]     Shirinyan is a California resident; he is also known as Igor Seyranov. United Heritage was "formed and [is] registered in Thailand."

2

"[a]ll disputes arising from or in connection with" the contract "shall be judged exclusively by an appropriate Court in the State of Wyoming."

In June 2020, United Heritage filed a complaint against Shirinyan in the federal district court of Wyoming, alleging, among other things, breach of contract. In September 2020, the district court granted United Heritage a default judgment in the amount of $513,135.79, plus 10 percent annual interest pursuant to Wyoming state law.

In September 2021, United Heritage sought to enforce the judgment in California's state courts by filing an application for entry of judgment on a sister state judgment pursuant to the SSMJA. (§ 1710.15.) The trial court issued a notice of entry advising Shirinyan that a "sister-state judgment has been entered against you in a California court" (bolding omitted), specifying that the "[s]ister-state court" in question was the "United States District Court for the District of Wyoming."

In June 2022, Shirinyan moved to vacate the sister state judgment. (§ 1710.40.) United Heritage opposed the motion. In July 2022, the trial court denied Shirinyan's motion, finding that he "ha[d] not sufficiently established a basis to vacate the sister state judgment."

In August 2022, Shirinyan filed a motion for reconsideration. After an unexplained two-year delay, Shirinyan filed a supplemental brief in support of his pending motion. Again, United Heritage opposed. In February 2024, the trial court denied the motion.

Shirinyan timely appealed.

## DISCUSSION

I.   *Standard of Review*

Generally, a ruling on a motion to vacate a sister state judgment is reviewed for abuse of discretion. (*Conseco*

3

*Marketing, LLC v. IFA & Ins. Services, Inc.* (2013)
221 Cal.App.4th 831, 841.)  Here, however, the dispositive issue
is a question of law subject to de novo review.  (*Florio v. Lau*
(1998) 68 Cal.App.4th 637, 641.)

II.    *Applicable Law*

Under the SSMJA, "[a] judgment creditor may apply for the
entry of a judgment based on a sister state judgment[.]"
(§ 1710.15, subd. (a).)  "A judgment entered pursuant to this
chapter may be vacated on any ground which would be a defense
to an action in this state on the sister state judgment."
(§ 1710.40, subd. (a).)

As relevant here, a "'[s]ister state judgment' means . . . any
judgment decree, or order of a court of a state of the United
States, other than California[.]"  (§ 1710.10, subd. (c).)  The Law
Revision Commission's comment to section 1710.10, subdivision
(c) explains that the statute is "based on Section 1 of the revised
Uniform Enforcement of Foreign Judgments Act of
1964 . . .  However, unlike the Uniform Act which applies to all
state and federal judgments entitled to full faith and credit, [the
SSMJA] applies only to [certain] judgments of sister state courts
. . ." (Cal. Law Revision Com. com., 11 West's Ann. Code Civ.
Proc. (1973 ed.) foll. § 1710.10, p. 461.)

III.   *Analysis*

Here, we are presented with a judgment creditor's attempt
to enforce a *federal* judgment under the SSMJA.  Because that
law does not apply to federal actions (§ 1710.10, subd. (c)), we
readily conclude that the entry of judgment must be vacated.[3]  By

---

[3]     In its supplemental brief, United Heritage argues that the
entry of judgment cannot be vacated for failure to comply with
the SSMJA because (1) as a voidable (rather than void) judgment,
it cannot be collaterally attacked (*People v. American Contractors*

4

virtue of being a *federal* judgment, it cannot be enforced through the SSMJA as a matter of law.[4]  This conclusion renders moot the parties' arguments regarding whether the trial court abused its discretion in denying Shirinyan's section 1710.40 motion to vacate.

We have the authority to vacate the entry of judgment under our general appellate jurisdiction.  (§§ 43 [a reviewing court "may affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered"], 906 ["[u]pon an appeal . . . the reviewing court may review the . . . decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the . . . order appealed from"].)  "These provisions . . . confer broad discretion in formulating an appellate disposition[.]"  (*In re J.R.* (2022) 82 Cal.App.5th 569, 582.)

---

*Indemnity Co.* (2004) 33 Cal.4th 653, 660–661) and (2) Shirinyan forfeited the issue by failing to raise it below.  Both arguments are meritless.  The entry of judgment is being challenged on direct appeal, not "collateral[ly] attack[ed] long after the judgment was final" (*id.* at p. 660); accordingly, it is irrelevant whether the judgment is void or voidable.  And, to the extent that there is forfeiture, we nonetheless exercise our discretion to reach the issue of statutory compliance, which "involves only a legal question determinable from facts which not only are uncontroverted . . . , but which could not be altered by the presentation of additional evidence."  (*Redevelopment Agency v. City of Berkeley* (1978) 80 Cal.App.3d 158, 167.)

[4]     We note that United Heritage is not without recourse.  A federal judgment can be enforced within the territorial boundaries of California by registering the judgment with a local federal district court.  (12 U.S.C. § 1963.)

We exercise that discretion here to vacate the statutorily unauthorized entry of judgment on sister state judgment.[5]

## DISPOSITION

The order denying the motion to vacate the entry of judgment is reversed.  The trial court is directed to vacate the entry of judgment on sister state judgment.  Parties to bear their own costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

ASHMANN-GERST


We concur:


_____, P. J.

LUI


_____, J.

CHAVEZ

---

[5]     Our conclusion also renders moot Shirinyan's appeal from the order denying his motion for reconsideration.